ADAMS, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CASE NO. 1:03CR486 |
|     Plaintiff, | ) |
| v. | ) |
| | ) Judge John R. Adams |
| FRED CLOUD, | ) |
| | ) ORDER |
|     Defendant. | ) |

Pending before the Court is Defendant Fred Cloud's motion for compassionate release and its supplements. Docs. 830, 845, and 852. Upon review, the motion and supplements are DENIED.

Within the COVID-19 backdrop, the Sixth Circuit explained this Court's duties and obligations when considering a motion for compassionate release as follows:

> "In resolving those motions, district courts now face two questions: (1) whether extraordinary and compelling circumstances merit a sentence reduction; and (2) whether the applicable § 3553(a) factors warrant such a reduction. A third consideration, the § 1B1.13 policy statement, is no longer a requirement courts must address in ruling on defendant-filed motions." *Hampton*, 985 F.3d at 531. To that end, district courts need not confine themselves to evaluating "extraordinary and compelling reasons" as defined by the Sentencing Commission in the § 1B1.13 policy statement. *Elias*, 984 F.3d at 519.

*United States v. Montero*, 842 F. App'x 1007, 1008 (6th Cir. 2021). "A district court has 'full discretion' in determining whether an extraordinary and compelling reason justifies compassionate release." *Id.* at 1009.

For over a year now, courts have routinely found that the COVID-19 pandemic, when

coupled with other health concerns, has constituted an extraordinary and compelling reason justifying further consideration of a motion for compassionate release. At the same time, the Sixth Circuit has noted that a district court does not abuse its discretion when denying a motion with the prison facility at issue has no positive cases. *See United States v. Elias*, 984 F.3d 516, 521 (6th Cir. 2021) (finding that it was not an abuse of discretion to deny compassionate release when Alderson had no reported cases and therefore only presented a speculative risk to the movant).

The undersigned finds that a review of the current information available from the Bureau of Prison supports a finding that the COVID-19 pandemic, even when coupled with underlying health factors, no longer supports a finding of extraordinary and compelling reasons to justify considering compassionate release. As can be seen in many early opinions, motions for compassionate release often focused upon the heightened risk of COVID-19 spreading within prisons due to a lack of social distance and personal protective equipment. While there may have been a time where those fears were justified based upon outbreaks within several BOP facilities, today's statistics cannot support such a conclusion.

Including its community-based facilities, the BOP has 142,694 inmates. As of May 24, 2021, there are a total of 42 inmates that have currently tested positive for COVID-19. Those numbers mean that .03% of BOP inmates have current positive tests. Expressed differently, roughly 1 in every 3,400 inmates has a current positive COVID-19 diagnosis. Standing alone, such narrow odds of currently contracting COVID-19 within the BOP do not warrant a finding of extraordinary and compelling reasons.

In examining the data more closely, the BOP does not have a facility under its control that has more than 4 inmates with current positive diagnoses. The smallest of those facilities houses 919 inmates (FCI Oakdale II). In other words, the "riskiest" prison in the entire BOP currently has 4 positive inmate cases among its 919 inmates. In contrast, FCI Elkton – a facility once subject to class action litigation related to COVID-19 – has zero positive cases among its inmates. Moreover, 86 of the BOP's 122 facilities report zero active cases among their inmate population.

The Court, however, does not simply rely upon the BOP's now-demonstrated ability to manage COVID-19. The BOP has also administered more than 180,000 doses of the COVID-19 vaccine. Through its efforts, the BOP has fully inoculated 68,833 inmates and 18,869 staff members. As a result, "prison authorities have substantially reduced the risk of spread and exposure to COVID-19 through the vaccination of other inmates." *United States v. Brownlee*, No. 15-20319, 2021 WL 1960974, at *2 (E.D. Mich. May 17, 2021).

In reviewing these data sets together, the Court can no longer find that the COVID-19 pandemic can be relied upon to demonstrate extraordinary and compelling reasons. As detailed above, only 1 in every 3,400 inmates has a current positive test. Nearly 70,000 inmates are no longer at risk due to being vaccinated. *See United States v. Cohen*, Case No. 09-20326, 2021 WL 1575300, at *2 (E.D. Mich. Apr. 22, 2021) (Edmunds, J.) ("The Court agrees with courts that have found that access to the vaccine mitigates the health concerns that may otherwise constitute extraordinary and compelling reasons in light of the pandemic."). The numbers above also do not take into consideration inmates that have been offered the vaccine and declined – yet another reason that has been found to warrant denial of motions for compassionate release. *See United*

3

*States v. MacGregor*, Case No. 15-20093, 2021 WL 1378786, at *1 (E.D. Mich. Apr. 12, 2021) (Leitman, J.) (holding that a prisoner "failed to show that there were extraordinary and compelling reasons justifying his release because a COVID-19 vaccine had been offered to him, and he declined to take the vaccine").

In conclusion, the Court notes that on numerous occasions it previously found that the pandemic was sufficient to warrant further review of motions for compassionate release. At that time, however, the risks to the inmate population were demonstrably higher. Outbreaks were occurring at multiple facilities and no vaccine was available to protect inmates. Now, however, outbreaks have been eliminated and the BOP has made substantial progress toward herd immunity within its population set through the use extensive use of the vaccines. Through all those efforts, the BOP has substantially reduced the risk to inmates. The Court, therefore, denies Defendant's motion.

The Court further notes that Cloud is currently housed at FCI Hazelton, a facility that currently has zero positive cases within its inmate population. As a result, Cloud's particular facts also support the conclusion that he cannot demonstrate the extraordinary circumstances necessary to warrant compassionate release.

The motion for compassionate release and its supplement are DENIED.

IT IS SO ORDERED.

June 7, 2021  /s/*John R. Adams*
Date  JOHN R. ADAMS
  UNITED STATES DISTRICT JUDGE

4