UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:03CR486 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Judge John R. Adams |
| FRED CLOUD, | ) | |
| | ) | ORDER |
| Defendant. | ) | |
| | ) | |

Pending before the Court is Defendant Fred Cloud's motion for imposition of a reduced sentence under the First Step Act. Doc. 799. Upon review, the motion for a sentence reduction (Doc. 799) is DENIED.

On December 21, 2018, the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (the "First Step Act") was signed into law. The First Step Act "modified prior sentencing law and expanded vocational training, early-release programs, and other programming designed to reduce recidivism." *United States v. Simmons*, 375 F.Supp. 3d 379, 385, No. 07-CR-00874, 2019 WL 1760840, at *4 (E.D.N.Y. Apr. 22, 2019). In Section 404 of the First Step Act, Congress made the Fair Sentencing Act's statutory changes for crack cocaine offenses retroactive to defendants who were sentenced before August 3, 2010. First Step Act of 2018, Pub. L. No. 115-319, § 404, 132 Stat. 5194 (2018). Accordingly, defendants who were convicted before August 3, 2010 of a crack cocaine offense for which the Fair Sentencing Act reduced their statutory penalties are now eligible for consideration of a reduced sentence. First Step Act of 2018, Pub. L. No. 115-319, § 404(a), (b), 132 Stat. 5194 (2018). Whether to reduce the sentence of an eligible defendant, however, is left to the sentencing court's discretion. *Id*. at § 404(c). No reduction is required. ("Courts retain

discretion to deny motions of otherwise eligible offenders, and the First Step Act does not 'require a court to reduce any sentence.'" *United States v. Mason*, No. 2:04-CR-00209-RHW-1, 2019 WL 2396568, at *2 (E.D. Wash. June 6, 2019) (quoting First Step Act, § 404(c)). Instead, "[t]he First Step Act now permits the Court to exercise the full range of its discretion consistent with the Section 3553(a) factors." *United States v. Bean*, No. 1:09-CR-143, 2019 WL 2537435, at *6 (W.D. Mich. June 20, 2019).

The Government disputes Cloud's eligibility for a reduction in its opposition. Doc. 802. Subsequent to that filing, both the Sixth Circuit and the Supreme Court have issued rulings that appear to support Cloud's contention that he is eligible. *See Terry v. United States*, 141 S.Ct. 1858 (2021); *United States v. Boulding*, 960 F.3d 774 (6th Cir. 2020).

> It also is clear that a defendant's eligibility is determined solely by qualifying under the First Step Act's definition of a covered offense and is not conditioned on a corresponding decrease in the applicable guidelines sentencing range. *See Thompson*, 2019 WL 4040403 *11 n.6 (citing *United States v. Garrett*, 2019 WL 2603531, *3 (S.D. Ind. June 25, 2019)) (rejecting the government's contention that relief should be denied where application of the career offender guidelines continued to produce the same sentencing range of 360 months to life and opining that "[t]he fact that Mr. Garrett's guideline range remains unchanged does not foreclose a reduction of his sentence, at least not where he was sentenced to the mandatory minimum and the mandatory minimum sentence was thereafter reduced by section 2 of the Fair Sentencing Act.") (citing *United States v. Bean*, No. 1:09-cr-143, 2019 WL 2537435, at *5–6 (W.D. Mich. June 20, 2019)); *accord United States v. Biggs*, 2019 WL 2120226, *3-4, 7 (N.D. Ill. May 15, 2019) (same); *United States v. Hadley*, 389 F. Supp.3d 1043, 1048 (M.D. Fla. 2019) (granting First Step Act motion notwithstanding unchanged career offender guidelines sentencing range of 360 months to life); *United State v. Payton*, 2019 WL 2775530, *4-5 (E.D. Mich. July 2, 2019) (granting First Step Act relief where career offender guidelines sentencing range remained unchanged); *United States v. Clemon*, 2019 WL 6894130, *1 (D. S.C. Dec. 18, 2019) (granting relief where pre- and post-First Step Act guidelines sentencing range remained unchanged); *cf. United States v. Brandon*, 2019 WL 4139400, *3-4 (E.D. Mich. Aug. 30, 2019) (granting First Step Act relief notwithstanding presidential commutation of sentence that reduced it

> below the guidelines sentencing range applicable at First Step Act re-sentencing) (collecting cases). Thus, even assuming we are unable to re-examine defendant's career offender designation and he remains subject to the same career offender guidelines sentencing range, these sentencing factors are not legal barriers to awarding First Step Act relief.

*United States v. Frederick*, No. 2:07CR387, 2020 WL 555302, at *2 (W.D. Pa. Feb. 4, 2020).

Herein, the Government argues that Defendant is not eligible "because the record confirms the quantity involved in the offense satisfies the higher thresholds of the 2010 Fair Sentencing Act—that is, more than 280 grams—which continues to be subject to punishment under Section 841(b)(1)(A), and, because of Defendant's prior felony drug conviction, continues to require a term of 20 years imprisonment." Doc. 802 at 5. However, Cloud was sentenced to **30** years imprisonment. Accordingly, while he may still face a mandatory 20-year sentence, this Court is not foreclosed from reducing his sentencing.

Assuming for the purposes of this motion that the Court has the discretion to reduce Cloud's sentence, it would decline to do so.

In his direct appeal, the Sixth Circuit noted as follows with respect to Cloud:

> There was sufficient evidence for a rational jury to find that Defendant Cloud was a member of the conspiracy for which he was indicted. The evidence demonstrated that Defendant Cloud combined his money together with Hall to purchase large quantities of drugs on repeated occasions. Defendant Hall testified that they would pool their money together and buy an eighth or a quarter of a kilogram of crack cocaine "every day almost." In addition, Defendant Cloud sold drugs on repeated occasions to Collier, Felix, Wilson, Ralph Jones, Jermaine Jones, and Walker. Notably, Defendant Cloud's distribution to Jermaine Jones occurred two to three times per week over the period in question. This evidence clearly can establish more than a buyer/seller relationship; it suffices to establish a conspiracy.

*United States v. Cloud*, 470 F.3d 220, 234 (6th Cir. 2006). The Sixth Circuit also discussed other evidence that was introduced against Cloud:

3

> The district court admitted nine letters against Defendant Cloud. Exhibit 29 is a letter to an unknown recipient (it is addressed to "family") seized as a result of Defendant Cloud's October 3, 2003 arrest. It expresses anger towards the recipient for sharing information with Defendant Cloud's mother, and Defendant Cloud's readiness to retaliate should the recipient cross Defendant Cloud. Exhibit 31 is a letter to Morris, where Defendant Cloud expresses his anger with Morris for cooperating with the government. Defendant Cloud does not threaten Morris, but rather pleads for Morris not to testify against him. He also asks Morris to sign an affidavit indicating that Morris had not engaged in drug transactions with Defendant Cloud. Exhibit 33 is a letter addressed to Collier (although Collier never received it). The letter contains thinly-veiled threats that Collier would place his family in danger by cooperating with the government. Exhibit 34 is a letter to Walker, where Defendant Cloud calls Walker a "snitch" and a "rat." Exhibits 39 and 40 are letters to Hall where Defendant Cloud expresses his anger at Hall for cooperating with the government. Exhibit 44 is another letter to Walker where Defendant Cloud expresses his dissatisfaction with Walker's cooperation with the government. Exhibit 45 is a letter to Ralph Jones in which Defendant Cloud states that he signed Jones's affidavit, so now Jones should sign Defendant Cloud's affidavit.

*Id.* at 242.

The Court has considered the full range of 18 U.S.C. 3553(a) factors in utilizing its discretion to determine whether a reduction is warranted. Given the substantial quantity of drugs that the jury concluded that Cloud was responsible for in the conspiracy, his prior criminal history, and the threats he made against those that cooperated against him during trial, a reduction from Cloud's current 360-month sentence is not warranted. As such, upon review of the § 3553(a) factors, the Court declines to exercise its discretion and reduce Cloud's sentence. Accordingly, Cloud's motion to reduce his sentence is DENIED.

    IT IS SO ORDERED.

| | |
|---|---|
|  September 14, 2022 |  */s/John R. Adams* |
| Date | JOHN R. ADAMS |
| | UNITED STATES DISTRICT JUDGE |