UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

        v.

FRED CLOUD,

        Defendant.

)    CASE NO.   1:03CR486
)
)
)
)   Judge John R. Adams
)
)     ORDER
)
)

This matter is before the Court on a remand from the Sixth Circuit related to Defendant Fred Cloud's motion for imposition of a reduced sentence under the First Step Act.  Doc. 799. The Sixth Circuit determined that this Court was required to formally determine Cloud's revised guideline range prior to its review of the § 3553(a) factors.   In addition, pending before the Court's is Cloud's motion to reduce his sentence under Amendment 821.   Doc. 907.   Finally, Cloud has also moved for compassionate release.   Doc. 906.   Upon review, the motions are DENIED.

On December 21, 2018, the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (the "First Step Act") was signed into law. The First Step Act "modified prior sentencing law and expanded vocational training, early-release programs, and other programming designed to reduce recidivism." *United States v. Simmons*, 375 F.Supp. 3d 379, 385, No. 07-CR-00874, 2019 WL 1760840, at *4 (E.D.N.Y. Apr. 22, 2019). In Section 404 of the First Step Act, Congress made the Fair Sentencing Act's statutory changes for crack cocaine offenses retroactive to defendants who were sentenced before August 3, 2010.   First Step Act of 2018, Pub. L. No. 115-319, § 404, 132 Stat. 5194 (2018).   Accordingly, defendants who were convicted before August 3, 2010 of a crack cocaine offense for which the Fair Sentencing Act reduced their statutory penalties are now eligible

for consideration of a reduced sentence. First Step Act of 2018, Pub. L. No. 115-319, § 404(a), (b),

132 Stat. 5194 (2018). Whether to reduce the sentence of an eligible defendant, however, is left to

the sentencing court's discretion. *Id*. at § 404(c). No reduction is required. ("Courts retain

discretion to deny motions of otherwise eligible offenders, and the First Step Act does not 'require

a court to reduce any sentence.'" *United States v. Mason*, No. 2:04-CR-00209-RHW-1, 2019 WL

2396568, at *2 (E.D. Wash. June 6, 2019) (quoting First Step Act, § 404(c)).   Instead, "[t]he First

Step Act now permits the Court to exercise the full range of its discretion consistent with the

Section 3553(a) factors."   *United States v. Bean*, No. 1:09-CR-143, 2019 WL 2537435, at *6

(W.D. Mich. June 20, 2019).

The parties now agree that Cloud is eligible for a reduced sentence under the First Step

Act.   However, they disagree on the guideline calculation that should apply.

In deciding whether to exercise its discretion to grant a sentence reduction to a Section

404-eligible defendant—and, if so, in determining the extent of such a reduction—this Court must

engage in a two-step process. *See Concepcion v. United States*, 142 S. Ct. 2389, 2392 (2022). At

step one, the court must Calculate the "benchmark Guidelines range," meaning the range that

would have applied at the time of the defendant's sentencing, adjusting only for the legal changes

required by the 2010 Fair Sentencing Act. *Id.*, 142 S. Ct. at 2402 & n.6 ("A district court cannot,

however, recalculate a movant's benchmark Guidelines range in any way other than to reflect the

retroactive application of the Fair Sentencing Act.").

Here, the parties agree that Cloud's original guideline calculation was driven by his drug

quantity.   Because that calculation resulting in a higher guideline than would have applied as a

2

result of Cloud's career offender status, the career offender guidelines were *not* used in Cloud's

original sentencing.   Based upon those facts, the Court concurs with Cloud's calculation utilizing

the drug table, including adjustments for Amendment 782 and Amendment 821, Cloud' resulting

"benchmark guidelines range" is 262 to 327 months.[1]

    With that benchmark range in mind, the Court reviews the 3553(a) factors to determine

whether a reduction is warranted. In his direct appeal, the Sixth Circuit noted as follows with

respect to Cloud:

> There was sufficient evidence for a rational jury to find that Defendant Cloud was
> a member of the conspiracy for which he was indicted. The evidence demonstrated
> that Defendant Cloud combined his money together with Hall to purchase large
> quantities of drugs on repeated occasions. Defendant Hall testified that they would
> pool their money together and buy an eighth or a quarter of a kilogram of crack
> cocaine "every day almost." In addition, Defendant Cloud sold drugs on repeated
> occasions to Collier, Felix, Wilson, Ralph Jones, Jermaine Jones, and Walker.
> Notably, Defendant Cloud's distribution to Jermaine Jones occurred two to three
> times per week over the period in question. This evidence clearly can establish more
> than a buyer/seller relationship; it suffices to establish a conspiracy.

*United States v. Cloud*, 470 F.3d 220, 234 (6th Cir. 2006).   The Sixth Circuit also discussed other

evidence that was introduced against Cloud:

> The district court admitted nine letters against Defendant Cloud. Exhibit 29 is a
> letter to an unknown recipient (it is addressed to "family") seized as a result of
> Defendant Cloud's October 3, 2003 arrest. It expresses anger towards the recipient
> for sharing information with Defendant Cloud's mother, and Defendant Cloud's
> readiness to retaliate should the recipient cross Defendant Cloud. Exhibit 31 is a
> letter to Morris, where Defendant Cloud expresses his anger with Morris for
> cooperating with the government. Defendant Cloud does not threaten Morris, but
> rather pleads for Morris not to testify against him. He also asks Morris to sign an
> affidavit indicating that Morris had not engaged in drug transactions with

---

1 While it has played no role in the Court's consideration of Cloud's pending motions, the Court notes that Cloud's
sentence was commuted on January 21, 2025.   As such, rather than his anticipated sentence completion date of
December 2029, Cloud is set to be released from custody on July 16, 2025.

> Defendant Cloud. Exhibit 33 is a letter addressed to Collier (although Collier never received it). The letter contains thinly-veiled threats that Collier would place his family in danger by cooperating with the government. Exhibit 34 is a letter to Walker, where Defendant Cloud calls Walker a "snitch" and a "rat." Exhibits 39 and 40 are letters to Hall where Defendant Cloud expresses his anger at Hall for cooperating with the government. Exhibit 44 is another letter to Walker where Defendant Cloud expresses his dissatisfaction with Walker's cooperation with the government. Exhibit 45 is a letter to Ralph Jones in which Defendant Cloud states that he signed Jones's affidavit, so now Jones should sign Defendant Cloud's affidavit.

*Id.* at 242.

The Court has considered the full range of 18 U.S.C. 3553(a) factors in utilizing its discretion to determine whether a reduction is warranted.   Given the substantial quantity of drugs that the jury concluded that Cloud was responsible for in the conspiracy, his prior criminal history, and the threats he made against those that cooperated against him during trial, a reduction is not warranted.   As such, upon review of the § 3553(a) factors, the Court declines to exercise its discretion and reduce Cloud's sentence.   Accordingly, Cloud's motions to reduce his sentence (Docs. 799 and 907) are DENIED.[2]

Cloud also seeks compassionate release.   This Court previously denied Cloud's motion for such relief during the COVID pandemic.   Doc. 857.   Cloud now seeks such relief again arguing that he demonstrated extraordinary and compelling circumstances.   The Court disagrees.

Initially, Cloud contends that changes in the law surrounding the career offender enhancement constitute extraordinary and compelling circumstances.   These non-retroactive

---

2 The Court does note that given Cloud's commutation, he will ultimately serve a sentence within the benchmark guideline range of 262 to 327 months. With his release in July of 2025, Cloud will have served roughly 258 months in custody.

changes cannot constitute extraordinary and compelling.  *See United States v. McCall*, 56 F.4th 1048 (6th Cir. 2022).

Cloud also details what he believes to be inadequate medical care during his incarceration. He complains that there were numerous delays before he ultimately received a colonoscopy and that he should have received additional scans related to gall bladder pain and issues with his left eye.   However, Cloud presents no evidence of any medical condition that is life threatening.   For that matter, Cloud presents no evidence of any ailment for which he is not receiving treatment. Rather, he complains about the *quality* of the treatment he is receiving.   The Court does not find this argument to demonstrate extraordinary and compelling circumstances.

Finally, Cloud appears to argue that the conditions of his confinement are overly punitive. He contends that his ability to shower is limited and his ability to go outside is limited.   Similar to his complaints about his medical care, the Court finds no basis for these allegations to demonstrate extraordinary and compelling circumstances to warrant compassionate release. Accordingly, Cloud's motion for compassionate release (Doc. 906) is DENIED.

IT IS SO ORDERED.

January 31, 2025
_____
Date

_____/s/John R. Adams_____
JOHN R. ADAMS
UNITED STATES DISTRICT JUDGE

5